## Katz *v.* Pittsburgh Mercantile Company, Appellant.

Argued April 30, 1964.  Before JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Henry E. Rea, Jr.,* with him *Brandt, Riester, Brandt & Malone,* for appellant.

*David McNeil Olds,* with him *William T. Marsh,* and *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY MR. JUSTICE COHEN, July 1, 1964:

After directing a verdict for landlord-plaintiffs, the lower court refused tenant-defendant's motions for judgment n.o.v. and a new trial and entered judgment for plaintiffs. Defendant appeals.

By written agreement, defendant leased from plaintiffs a large building for use as a department store at a minimum rental plus 3% of gross sales. Gross sales is defined in the lease as "the gross sales price of all merchandise, services and labor sold or delivered for cash, credit, stamps, coupons, premium device or otherwise, on, about or from the Leased Premises, whether by Tenant or by any person, firm or corporation doing business in, on, about or from the Leased Premises . . . ."

Defendant subleased a portion of its selling space to Sperry & Hutchinson Company to be used as an

S&H Redemption Center. However, defendant did not consider the gross sales price of merchandise delivered at the center for S&H stamps as falling within the above contractual definition of gross sales and hence refused to pay 3% of such price as additional rent. This suit was instituted by plaintiffs to collect the unpaid percentage.

Defendant contends that the parties to the lease intended the words "stamps, coupons, premium device" to mean the Yale Trading Stamps issued and redeemed by defendant because these were the only stamps being traded on the subject premises at the time of the execution of the lease. Hence, defendant argues, the 3% clause in the lease can have no application to any other type of stamp or to the delivery of merchandise for stamps not issued by defendant.

The language of the lease agreement, supra, which defines gross sales, is clear and unambiguous and was fully construed by the trial court. The gross sales price of merchandise delivered for stamps on the portion of the premises leased by S&H is a gross sale within that definition. Nothing in the written agreement would permit a jury to conclude that the 3% clause is applicable to Yale Trading Stamps only, and to no other stamps.

There being only one possible interpretation of the lease agreement—that given it by the court below—it was properly construed as a matter of law. *Filler Products, Inc. v. Corriere*, 381 Pa. 394, 113 A. 2d 219 (1955). Plaintiffs' motion for binding instructions was therefore properly granted and defendant's motions for judgment n.o.v. and a new trial were properly refused.

Judgment affirmed.